1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

United States of America,

              Plaintiff

v.

Charles Edward Cooper,

              Defendant

Case No. 2:14-cr-228-JAD-CWH

**Order**
[##28, 45]

Charles Cooper was arrested from his backyard after his girlfriend was treated at a hospital for injuries allegedly caused by Cooper (an ex felon) and told officers there were guns in their home. Cooper moves to suppress his *Mirandized* post-arrest statements and the three guns recovered from the home pursuant to a warrant, arguing that his statements are the fruit of his unlawful, warrantless in-home arrest and that the search warrant was issued upon reckless misrepresentations by the officer.[1]

After an evidentiary hearing, Magistrate Judge Hoffman issued an 11-page report and recommendation in which he (1) agrees Cooper's arrest was constitutionally improper but concludes that Cooper's post-arrest statements were not tainted by that illegality because the questioning happened outside the home as *New York v. Harris*[2] permits, and (2) concludes that the search-warrant affidavit does not contain intentionally false or misleading statements.[3]  Cooper objects to the magistrate judge's assessment of the evidence.[4]  Having reviewed the papers and the evidentiary record *de novo*, I agree with and adopt Magistrate Judge Hoffman's findings and conclusions and

---

[1] Doc. 28.  The government opposed the motion, and Cooper filed a reply.  Docs. 31, 34.

[2] *New York v. Harris*, 495 U.S. 14 (1990).

[3] Doc. 45.

[4] Doc. 52.  The government responded to the objections.  Doc. 56.

1    accept his recommendations, overrule Cooper's objections, and deny Cooper's motion to suppress.

2                                                    **Discussion**

3            When a magistrate judge provides findings and recommendations in a criminal case, the

4    district judge "may accept, reject, or modify the recommendation, receive further evidence, or

5    resubmit the matter to the magistrate judge with instructions."[5]   Local Rule IB 3-2(b) only requires

6    de novo consideration of specific objections.   The standard for reviewing unobjected-to sections is

7    left to the district judge's discretion.[6]

8            Cooper's objections to Magistrate Judge Hoffman's report and recommendation can be

9    distilled to these: (1) the judge improperly relied on the officers' mere belief they had probable cause

10   and the record shows the police had, at best, a suspicion that the individual in the backyard had

11   committed a crime before arresting Cooper—both of which fall short of probable cause; (2) *New*

12   *York v. Harris* does not save Cooper's statements from exclusion because he was still within sight of

13   his home while police were entering it; and (3) the judge ignored "troubling facts" that showed the

14   search-warrant affidavit contained material misrepresentations that could not be cured.[7]   I review the

15   now-challenged portions of Magistrate Judge Hoffman's report and recommendation de novo and

16   consider the remainder of it under an abuse-of-discretion standard.[8]

17   **A.     Objection 1: the record does not support probable cause**

18           Cooper first challenges the magistrate judge's conclusion that officers had probable cause to

19   arrest Cooper.   He contends that the judge overlooked (1) officers' testimony that, when they left the

20   hospital, they intended to continue their investigation by speaking to Cooper and (2) the fact that

21   _____

22           [5] Fed. R. Crim. P. 59(b)(3).

23           [6] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (emphasis in
     original) (a "district judge must review the magistrate judge's findings and recommendations de
24   novo *if objection is made*, but not otherwise.").

25           [7] Doc. 52.

26           [8] I consider Cooper's motion to suppress, Magistrate Judge Hoffman's report and
     recommendation, all related briefing, the evidentiary hearing transcript, all exhibits, and Cooper's
27   subsequent affidavit.  Docs. 28, 31, 34, 45, 48, 52–53, 56.

28                                                        2

1  officers had not verbally confirmed Cooper's identity before the seizure because he was asleep.[9]  He

2  also notes that an officer's subjective belief that he had probable cause is irrelevant in the probable-

3  cause determination.[10]

4          But Magistrate Judge Hoffman did not rely on any officer's subjective belief in concluding

5  that probable cause existed,[11] and neither of these alleged oversights undermines the probable cause

6  determination because the unchallenged portions of the evidentiary record supports the existence of

7  probable cause for Cooper's battery arrest.  The record is replete with evidence that Cooper beat his

8  girlfriend, M. Basolo.  Police were dispatched to the hospital emergency room in response to a 911

9  domestic-violence call, where they met Basolo.  Basolo provided verbal and written statements that

10  Cooper "beat [her] ass" and was asleep in the backyard of their shared home, her daughter confirmed

11  the assault had occurred, police observed injuries on Basolo's face and body that corroborated the

12  reports, and they found Cooper asleep in the backyard as foretold.  Even if officers left the hospital

13  with the intent to perform additional investigation before arresting Cooper, nothing more was

14  necessary to validate the arrest with probable cause.

15

**B.     Objection 2: *New York v. Harris* does not save Cooper's statement from exclusion
16          because Cooper was in view of the house when he gave his statement.**

17          Cooper next objects to the magistrate judge's conclusion that *New York v. Harris* saves his

18  statement from exclusion.  He argues that because he was situated in the patrol car outside the house

19  and was still able to observe the police going in and out of the house makes this case more like

20  *United States v. Shetler*, *United States v. Crawford*, and *United States v. Nora*,[12] which, he contends,

21

22

23
        [9] Doc. 52 at 8.
24
        [10] *Id.*
25
        [11] *See generally* Doc. 45.
26
        [12] *United States v. Shetler*, 665 F.3d 1150, 1158 (9th Cir. 2011); *United States v. Crawford*,
27  372 F.3d 1048 (9th Cir. 2004); *United States v. Nora*, 765 F.3d 1049 (9th Cir. 2014).

28
                                                    3

1    recognize that "statements made just outside the home should be suppressed."[13]

2          To make this argument, Cooper improperly conflates the very distinct rules regarding illegal

3    *detentions* and illegal *searches*.  As the Ninth Circuit panel wrote in *Shetler*, "Although the presence

4    of probable cause may generally be the 'dispositive' issue in determining whether a confession

5    stemming from an illegal detention should be suppressed, 'the analysis that applies to illegal

6    detentions differs from that applied to illegal searches.'"[14]  Both *Shetler* and *Nora* stand for the

7    proposition that a confession obtained after the defendant observes an illegal search yielding

8    evidence may be tainted because "Confronting a suspect with illegally seized evidence tends to

9    induce a confession by demonstrating the futility of remaining silent."[15]

10         But Cooper's statements did not come on the heels of an illegal search.  The search of his

11   home did not occur until later and after police secured a warrant.  And even if Cooper may have

12   believed that police were searching his home as the entered and exited it to take photographs of

13   Basolo's injuries, there was no illegally seized evidence he could have observed to lead him to

14   conclude his silence was futile.  *Nora* and *Shetler* are thus inapposite.

15         *Crawford* also does not aid Cooper's argument.  The *Crawford* court noted that "*Harris*

16   demonstrates that for testimony or evidence to be considered the fruit of an illegal search, it must be

17   directly or indirectly attributable to the constitutional violation" and warned that "sequence should

18   not be confused with consequence."[16]  It then held that an illegal search of the defendant's home that

---

[13] Doc. 52 at 11.

[14] *Shetler*, 665 F.3d at 1158 (quoting *Crawford*, 372 F.3d at 1056).

[15] *Id.* (quoting 6 Wayne R. LaFave, Search and Seizure 307, § 11.4(c)(4th ed. 2004)); *see also*
*Nora*, 765 F.3d at 1057 (citing *Shetler* and reasoning that "Nora's incriminating statements followed
immediately on the heels of the unlawful search of his person, which yielded marijuana and a large
amount of cash [so] . . . his answers were likely influenced by his knowledge that the police had
already discovered" that evidence).

[16] *Crawford*, 372 F.3d at 1058 (quoting *United States v. Duchi*, 944 F.2d 391, 395 (8th Cir.
1991)).

4

"produced no evidence whatsoever" lacked the necessary connection to his subsequent confession.[17] Because the search that Cooper may have imagined was going on while he sat in the patrol car was fruitless, it similarly cannot be said to have caused his confession.  *Harris* holds that "where the police have probable cause to arrest a suspect, the exclusionary rule does not bar the [government's] use of a statement made by the defendant outside of his home, even though the statement is taken after an arrest made in the home in violation of *Payton* [*v. New York*]."[18]  The Magistrate Judge properly applied that rule here.

**C.     Objection 3: The magistrate judge ignored several troubling facts to conclude that the warrant affidavit did not contain material misrepresentations.**

Finally, Cooper challenges the magistrate judge's conclusion that the affidavit used to procure the warrant for the search of his home did not contain reckless misrepresentations.[19]  Cooper contends that there were two key factual misrepresentations: (1) that Basolo stated there is a "black pump action shotgun" inside the house, when the testimony at the evidentiary hearing supported only a report of a "black shotgun," and (2) that Basolo stated there were at least two additional handguns in the house that she had seen with Cooper and that she did not purchase, when the hearing testimony supported only the first half of that statement—that there were two handguns in the house.[20]

The evidence elicited at the evidentiary hearing did not establish that these embellishments identified by Cooper were material misrepresentations.  And even if these statements had been excised from the affidavit, the remaining information would still support the probable-cause determination necessary to validate the search.  Accordingly, I agree with the magistrate judge's conclusion that the affidavit in support of the search warrant did not contain intentionally false or

---

[17] *Id.*

[18] *Harris*, 495 U.S. at 21.

[19] Doc. 45 at 10–11; Doc. 52 at 17–21.

[20] Doc. 52 at 17–21.

misleading statements.

In sum, having reviewed *de novo* all portions of the magistrate judge's report and recommendation to which Cooper has raised an objection, I overrule Cooper's objections. I have also reviewed all remaining portions of the report and recommendation for abuse of discretion and find none. Accordingly, I adopt Magistrate Judge Hoffman's findings, conclusions, and recommendations in their entirety and deny Cooper's motion to suppress.

## Conclusion

It is THEREFORE ORDERED that Magistrate Judge Hoffman's report and recommendation **[Doc. 45] is ADOPTED** in its entirety and defendant Charles Cooper's **objections [Doc. 52] are overruled**.

It is FURTHER ORDERED that Cooper's motion to suppress **[Doc. 28] is DENIED**.

DATED May 29, 2015.

Jennifer A. Dorsey
United States District Judge

6