**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:14-cr-00228-JAD-CWH |
| ) | |
| vs. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| CHARLES EDWARD COOPER, JR., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on *pro se* Defendant Charles Edward Cooper's ("Cooper") Motion to Dismiss Indictment for Lack of Sovereign, Personal or Subject Matter Jurisdiction, and/or Fourth, Tenth, and Fourteenth Amendment Violation in the Alternative (ECF No. 102), filed February 18, 2016. The Court also considered the government's response (ECF No. 105), filed February 24, 2016. Cooper did not file a reply. Trial is scheduled for March 8, 2016.

## I. FACTUAL BACKGROUND

On July 1, 2014, Cooper was indicted with one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Indict. (ECF No. 1).) Cooper's motion asserts several grounds for dismissal of the indictment in this case. First, Cooper argues that merely living with a girlfriend who legally owned a firearm does not substantially affect interstate commerce as required by the relevant statute. Second, Cooper argues that "the listed charge of ex[-]felon in possession of a firearm is purely a state charge and has been previously filed in state court." *Id*. Third, Cooper argues that the government's prosecution under 18 U.S.C. § 922(g) is an unconstitutional extension of Congress's power under the Commerce Clause. Lastly, Cooper argues

that his Fourth Amendment rights were violated and the indictment should be dismissed on that ground in the alternative.

## II. ANALYSIS

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a]ny defense, objection, or request that the court can determine without trial of the general issue" may be raised by pretrial motion. A motion to dismiss is generally capable of determination before trial "if it involves questions of law rather than fact." *See United States v. Yip*, 248 F. Supp. 2d 970, 972 (D. Haw. 2003) (citing *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.), *cert. denied*, 478 U.S. 1007 (1986)).

The sufficiency of an indictment is judged by "whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the Government can prove its case." *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982), *cert. denied*, 460 U.S. 1086 (1983). The indictment itself should be "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." *Id.* The court's inquiry must end there. Arguments directed at the merits of the claims must be left for trial.

Here, the charges against Cooper follow the wording of the statute, which alleges that Cooper was previously convicted of a felony, knowingly possessed several firearms, and that said possession was in, and affected by, interstate commerce. It therefore embodies all the elements of the crime, and clearly informs Cooper of the details that form the basis for the accusation so as to enable Cooper to prepare his defense and to plead the judgment in bar of any further prosecutions for the same offense. *Cooper v. United States*, 282 F.2d 527, 531 (9th Cir. 1960). Thus, the Court finds that the indictment sufficiently states the offense.

Next, Cooper argues that merely living with a girlfriend who legally owned a firearm does not substantially affect interstate commerce, as required by the relevant statute. A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence. *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). It is for the jury to decide whether the evidence supports the charge. Nevertheless, the Court notes that proof of a firearm manufactured in one state and possessed in another state is sufficient for a conviction under § 922(g)(1). In *United States v. Younger*, the Ninth

Circuit reiterated that "[a] one-time past connection to interstate commerce is sufficient under § 922(g)(1)." 398 F.3d 1179, 1193 (9th Cir. 2005) (*quoting United States v. Beasley*, 346 F.3d 930, 936 (9th Cir. 2003)). The Court upheld a § 922(g) conviction in part because it was undisputed that the defendant's guns were made in Massachusetts and found in California. *See United States v. Clawson*, 831 F.2d 909, 913 (9th Cir. 1987) (evidence of a firearm's foreign manufacture is sufficient to support a finding that the gun moved in interstate commerce). Here, although unnecessary at this stage, the government has provided evidence, which indicates that the firearms were manufactured overseas or in a state other than Nevada. (Rpt. of Invest. (ECF No. 105-1).)

Cooper's argument of the government's "unconstitutional" prosecution under § 922(g), which Cooper claims improperly extends Congress's power under the Commerce Clause, is equally unavailing. In *United States v. Latu*, the Ninth Circuit explained that it has "repeatedly upheld § 922(g), both facially and as applied, in the face of Commerce Clause challenges." 479 F.3d 1153, 1156 (9th Cir. 2007); *see also United States v. Hanna*, 55 F.3d 1456, 1461-62 (9th Cir. 1995) (noting that the U.S. Supreme Court had "concluded that 18 U.S.C. § 1202(a), the predecessor of § 922(g)(1), required only the minimal nexus that the firearm have been, at some time, in interstate commerce," and indicating that Congress sought to reach possessions broadly); *United States v. Davis*, 242 F.3d 1162, 1163 (9th Cir. 2001) (Congress lawfully exercised its authority to regulate interstate commerce when it enacted § 922(g)(1)); *United States v. Rousseau*, 257 F.3d 925, 932-33 (9th Cir. 2001) (finding past connection to interstate commerce sufficient for § 922(g) conviction)).[1] Thus, Cooper's claim fails.

Cooper also argues that "the listed charge of ex[-]felon in possession of a firearm is purely a state charge and has been previously filed in state court." The government agrees that Cooper was originally charged with a violation of N.R.S. 202.360, but the charged offense is also a federal offense. The government argues that "Prosecutions under the laws of separate sovereigns" are allowable. The Court notes that it is well established that "an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each."

---

[1] The Court notes that Cooper's reliance on *United States v. Bass*, 404 U.S. 336 (1971), is misplaced because *Bass* applied to 18 U.S.C. § 922(g)(1)'s predecessor statute, which has been substantially amended since 1971. The statute now specifically forbids a felon "to possess in or affecting commerce, any firearm..." and § 922(g)(1) has been repeatedly held to be constitutional.

*United States v. Lanza*, 260 U.S. 377, 382 (1922); *see also Heath v. Alabama*, 474 U.S. 82, 88 (1985); *United States v. Traylor*, 978 F.2d 1131, 1132 (9th Cir. 1992). If the laws of both sovereignties are violated, prosecution by one does not bar prosecution by the other. *United States v. Wheeler*, 435 U.S. 313, 316-317 (1978). Cooper was charged by both Nevada and federal authorities with violating the respective laws of those sovereignties. Nevada's decision to drop the charges against Cooper is irrelevant to the federal prosecution. Collaboration between prosecutors at the state and federal levels is the common practice, and is not barred by the Constitution. *United States v. Figueroa-Soto*, 938 F.2d 1015, 1020 (9th Cir. 1991).

Finally, Cooper argues in the alternative that his Fourth Amendment rights were violated and his indictment should be dismissed on that ground. Cooper provides no points and authorities in support of his argument. The failure of a moving party to file points and authorities constitutes consent to the denial of the motion. Local Rule 7-2(d). Additionally, the Court notes that Cooper's prior motion to suppress evidence based on the Fourth Amendment has already been decided by the Court. (Order (ECF No. 58).) Accordingly, the Court finds no basis to grant Cooper's request.

### III. RECOMMENDATION

In light of the foregoing and good cause appearing therefore, **IT IS RECOMMENDED** that Cooper's Motion to Dismiss Indictment for Lack of Sovereign, Personal or Subject Matter Jurisdiction, and/or Fourth, Tenth, and Fourteenth Amendment Violation in the Alternative (ECF No. 102) be **DENIED**.

### NOTICE

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 2, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**