**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America, | 2:14-cr-00228-JAD-CWF |
| Plaintiff | **Order Overruling Objections, Adopting Report and Recommendations, Granting in Part and Denying in Part Motion to Suppress, Denying Motion to Dismiss, and Denying Motion to Reconsider** |
| v. | |
| Charles Edward Cooper, Jr., | |
| Defendant | [ECF 75, 96, 102, 103, 111] |

Charles Edward Cooper, Jr., stands charged with one count of being a felon in possession of a firearm.[1]  Cooper moves to suppress his post-arrest statements to police; one of which was unmirandized.[2]  Cooper also moves to dismiss the indictment for lack of subject-matter jurisdiction.[3] And he challenges my May 2015 order denying his motion to suppress the evidence gleaned from a search of his home.[4]

Magistrate Judge Hoffman recommends that I suppress only Cooper's unmirandized statement[5] and that I deny Cooper's motion to dismiss.[6]  Cooper objects to Magistrate Judge Hoffman's recommendation that I deny his motion to dismiss.[7]  Having reviewed the objected-to portions of Magistrate Judge Hoffman's findings and conclusions de novo, I overrule Cooper's objections, adopt the recommendations in their entirety, grant in part and deny in part Cooper's

---

[1] ECF 1.

[2] *See* ECF 96.

[3] ECF 102.

[4] ECF 58, 103.

[5] ECF 96.

[6] ECF 111.

[7] ECF 115.

motion to suppress, and deny Cooper's motion to dismiss.  I also deny Cooper's belated motion to

reconsider.

**Discussion**

**A.      Standards of review**

A district court reviews objections to a magistrate judge's findings and recommendations de

novo.[8]  "The district judge may accept, reject, or modify the recommendation, receive further

evidence, or resubmit the matter to the magistrate judge with instructions."[9]  The standard of review

applied to the unobjected-to portions of the report and recommendation is left to the district judge's

discretion.[10]  Local Rule IB 3-2(b) requires de novo consideration of specific objections only.[11]

**B.      Cooper's motion to suppress his statements to police is granted in part and denied in part.**

Cooper's second lawyer filed a motion to suppress Cooper's post-arrest statements to police,

arguing that Cooper's unwarned statements to Officer Brumaghin violate *Miranda*[12] and that his

statements to Detective Bien were involuntarily obtained.[13]  Magistrate Judge Hoffman recommends

suppression of Cooper's unmirandized statements[14] but recommends against suppressing Cooper's

mirandized, voluntary statements.[15]  Cooper did not object to these findings and conclusions.  I agree

---

[8] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003)

[9] *Id.*

[10] *Id.* (a "district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise.") (emphasis in original).

[11] *See* Nevada L.R. IB 3-2(b) (requiring *de novo* consideration of specific objections only); *Carillo v. Cate,* 2009 WL 2575888, at *1 (S.D. Cal. Aug. 17, 2009) (noting that "generalized objections" do not require *de novo* review).

[12] ECF 75 at 11–12.

[13] *Id.* at 4–1.

[14] ECF 96 at 3–4.

[15] *Id.* at 4–5.

1  with Magistrate Judge Hoffman's recommendation and grant in part and deny in part Cooper's

2  motion to suppress: the government may not introduce Cooper's unmirandized statements to Officer

3  Brumaghin in its case in chief, but Cooper's mirandized statements to Detective Bien are admissible.

4  **C.     Cooper's motion to dismiss the indictment is denied.**

5  After conducting a *Faretta* canvas, Magistrate Judge Hoffman found that Cooper intelligently

6  and voluntarily waived his right to counsel and discharged Cooper's court-appointed counsel.

7  Cooper then filed a pro per "Motion to Dismiss Indictment for Lack of Sovereign, Personal or

8  Subject Matter Jurisdiction"[16]  Cooper argues that the government has engaged in selective and

9  vindictive prosecution because he should be charged in state court[17] and that firearm possession has

10  "absolutely no effect on 'ANY' type of Commerce whatsoever,"[18] so this court lacks jurisdiction.

11  Cooper's arguments are without merit.  Cooper's vindictive-prosecution claim fails because

12  he has offered no facts indicating even the appearance of vindictiveness,[19] nor has he alleged any

13  improper motive attributable to the federal government, as the Ninth Circuit recognized in *United*

14  *States v. Culliton*, "there is nothing inappropriate or vindictive about a state law enforcement agency

15  referring potential violations of federal law to federal authorities."[20]  Cooper's selective-prosecution

16  claim also fails because he has not identified any other similarly situated individuals who have not

17  been prosecuted for illegal firearm possession.[21]

18  Citing to *Bond v. United States*, Cooper next argues that the indictment must be dismissed

19  because the federal government cannot prohibit the purely intrastate possession of a firearm by a

20  prohibited person.  Cooper overreads *Bond*.  *Bond* does not disturb the subject-matter jurisdiction

21  Congress granted federal district courts when it enacted 18 USC § 922.  In *Bond*, the Supreme Court

22

23  [16] ECF 102.

24  [17] *Id.* at 4.

25  [18] *Id.* at 7.

26  [19] *United States v. Montoya*, 45 F.3d 1074, 1081 (9th Cir. 1995).

27  [20] *United States v. Culliton*, 328 F.3d 1074, 1081 (9th Cir. 2003).

28  [21] *United States v. Sutcliffe*, 505 F.3d 944, 954 (9th Cir. 2007).

1 held that the Chemical Weapons Convention Implementation Act did not reach the purely local

2 crime of simple assault, reasoning that, because "[o]ur constitutional structure leaves local criminal

3 activity primarily to the States," courts "generally decline[] to read federal law as intruding on that

4 responsibility, unless Congress has clearly indicated that the law should have such reach."[22]

5      Though the Chemical Weapons Implementation Act contained no such indication, the felon-

6 in-possession statutes do.  Section 922(g)(1) makes it a federal crime for any person who has been

7 convicted of a felony "to ship or transport in interstate or foreign commerce, *or possess in or*

8 *affecting commerce*, any firearm or ammunition; or to receive any firearm or ammunition which has

9 been shipped or transported in interstate or foreign commerce."[23]  The statute explicitly proscribes

10 purely local conduct, *so long as the firearm was moved in interstate commerce at some point in*

11 *time*.[24]  The government does not have to prove, as Cooper contends, that he crossed state lines with

12 the firearm or that he caused the firearm to be shipped across state lines;[25] it need only prove that the

13 firearm was manufactured out of state.[26]

14      Finally, Cooper argues that this court lacks jurisdiction under the United States Supreme

15 Court's decision in *United States v. Lopez*, which affirmed the reversal of a conviction under the

16 Gun-Free School Zones Act.[27]  The Ninth Circuit has consistently rejected *Lopez*-based commerce-

17

18

---

19   [22] *Bond v. United States*, 134 S.Ct. 2077, 2083 (2014).

20   [23] 18 U.S.C. § 922(g)(1) (emphasis added); United States v. Hanna, 55 F.3d 1456, 1462 (9th Cir.
21   1995).

22   [24]  The "affecting commerce" element can be satisfied if the firearm possessed by a convicted felon
     has previously traveled in interstate commerce.  *United States v. Bass*, 404 U.S. 336, 350 (1971);
23   *United States v. Hanna*, 55 F.3d 1456, 1462 (9th Cir. 1995).

24   [25] *Scarborough v. United States*, 431 U.S. 563, 575 (1977) (holding that "Congress did not intend to
25   require any more than the minimal nexus that the firearm have been, at some time, in interstate
     commerce.").
26
     [26] *United States v. Gill*, 39 Fed. App'x 548, 550 (9th Cir. 2002) (citing *United States v. Rousseau*,
27   357 F.3d 925, 933 (9th Cir. 2001)).

28   [27] *United States v. Lopez*, 514 U.S. 549 (1995).

clause challenges to § 922(g)(1) prosecutions.[28]  Unlike the Gun-Free School Zones Act provision invalidated in *Lopez*, § 922(g) requires that the firearm have been, at some time, in interstate commerce.[29]  Accordingly, Cooper's motion to dismiss the indictment is denied.

**D.      Cooper's motion to reconsider my May 29, 2015, order is denied.**

Cooper also filed a motion to "Reconsider Hearing to Suppress Evidence," in which he requests that I reconsider my May 29, 2015, order denying his first suppression motion.[30]  At the outset, I note that Cooper's motion—filed almost nine months after the challenged order—is untimely.  And even if Cooper's motion were timely, he has given me no valid reason to reconsider my previous order.

Reconsideration may be warranted if the court (1) is presented with newly discovered evidence, (2) committed clear error, or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.[31]  Cooper raises a series of novel arguments not raised in his original suppression motion.  He argues that the search warrant was invalid because it was not signed by the issuing judge,[32] that police searched his residence before obtaining the search warrant,[33] and that the government offered perjured testimony and hearsay at the evidentiary hearing.[34]  Cooper also argues that he received ineffective assistance of counsel and that his counsel conspired with the government to commit prosecutorial misconduct.[35]

---

[28] *See, e.g.*, *United States v. Michael Jones*, 231 F.3d 508, 515 (9th Cir. 2000) (construing 18 U.S.C. § 922(g)(8) and distinguishing "guns, products that are manufactured in and travel through interstate commerce . . . from the non-economic activity of . . . possessing a firearm within 1000 feet of a school in *Lopez*.").

[29] *Hanna*, 55 F.3d at 1462 n.2 (rejecting *Lopez*-based challenge to § 922(g)(1) conviction).

[30] ECF 103.  *See also* ECF 58 (order), ECF 28 (original suppression motion).

[31] *Dixon v. Wallowa Cty*, 336 F.3d 1013, 1022 (9th Cir. 2003).

[32] *Id.* at 7–9.

[33] *Id.* at 3.

[34] *Id.* at 10–11.

[35] *Id.* at 12.

None of Cooper's arguments gives me a valid reason to reconsider my previous order. Cooper offers no newly discovered evidence or any authority to show that my previous decision was manifestly unjust, nor has Cooper identified an intervening change in controlling law.  Even putting these problems aside, Cooper's arguments lack factual and legal support.  For example, under Nevada law, telephonic search warrants need not be signed by the issuing judge.[36]  And Cooper offers no evidence to show that the government's witnesses perjured themselves or that defense counsel conspired with the government to undermine his defense strategy.  Cooper's complaint that the government improperly offered hearsay testimony at the evidentiary hearing is likewise meritless because, as the government points out, hearsay testimony is admissible at suppression hearings.[37]  In short, Cooper has given me no valid reason to reconsider my previous ruling, so I decline to do so, and I deny his motion for reconsideration.[38]

### Conclusion

Accordingly, IT IS HEREBY ORDERED that defendant's motion to suppress **[ECF 75] is GRANTED in part and DENIED in part**, and Magistrate Judge Hoffman's report and recommendation **[ECF 96] is ADOPTED** in its entirety.  The government may not seek to admit defendant's statements to Officer Brumaghin in its case in chief; defendant's statements to Detective Bien are admissible.

IT IS FURTHER ORDERED that defendant's motion to dismiss indictment **[ECF 102] is DENIED**, Magistrate Judge Hoffman's report and recommendation **[ECF 111] is ADOPTED** in its entirety, and defendant's objections **[ECF 115] are OVERRULED.**

---

[36] NEV. REV. STAT. 179.045(3) ("After a magistrate has issued a search warrant, whether it is based on an affidavit or oral statement given under oath, the magistrate may orally authorize a peace officer to sign the name of the magistrate on a duplicate original warrant.  A duplicate original search warrant [will] be deemed to be a search warrant . . . . Any failure of the magistrate to [endorse his or her name and enter the date on the warrant when it is returned] does not itself invalidate the warrant.").

[37] ECF 107 at 3 (citing *United States v. Whitten*, 706 F.2d 1000, 1019 (9th Cir. 1983), *cert. denied*, 465 U.S. 1100 (1984) ("The trial judge is not bound by the hearsay rule in making preliminary determinations such as whether evidence is admissible at trial.").

[38] ECF 103.

IT IS FURTHER ORDERED that defendant's motion to reconsider hearing to suppress evidence **[ECF 103] is DENIED**.

Dated April 12th, 2016

_____
Jennifer A. Dorsey
United States District Judge