# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Charles Edward Cooper, Jr.,<br><br>    Defendant | 2:14-cr-00228-JAD-CWH<br><br>**Order Denying Motion For Release Pending Sentence or Appeal**<br><br>[ECF No. 186] |

     On May 25, 2016, a jury found Charles Edward Cooper, Jr. guilty of one count of being a felon in possession of a firearm.[1] I denied Cooper's motion for arrest of judgment and judgment of acquittal, and Cooper now moves for release pending sentence or appeal.[2] Cooper has not carried his burden to show that he is entitled to release, so I deny his motion.[3]

## Discussion

     Cooper's motion is styled as a motion to review and amend his pretrial detention order but it is more accurately construed as a motion for release pending sentence or appeal under 18 U.S.C. § 3143(a) and (b). Cooper argues that he is entitled to release so that he can adequately prepare for his upcoming sentencing and file his appeal.[4] He argues that he is not a flight risk because he has resided in Las Vegas his whole life and all of his family resides here.[5] He asserts that he does not pose any danger to the community because he is not a violent criminal and the domestic-violence

---

[1] ECF No. 180.

[2] ECF No. 186.

[3] My previous order provides a detiled procedural history of this case and summary of the evidence presented at trial. ECF No. 189.

[4] ECF No. 186 at 2–3.

[5] *Id.* at 4.

charges that led to the gun charge in this case have been dismissed.[6]

**A.    Cooper is not entitled to release pending sentencing.**

Even assuming that Cooper does not qualify as an armed career criminal and is not subject to the mandatory detention provision in 18 U.S.C. § 3143(a)(2), he has not shown his entitlement to relief under 18 U.S.C. § 3143(a)(1).  Section 3143(a)(1) requires the court to order a convicted defendant detained pending sentencing (other than a person for whom the guideline range does not recommend a term of imprisonment) unless the court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person in the community if released.

Even if Cooper had zero criminal-history points (which is clearly not the case given his felon status), his guideline range would include a term of at least 15–21 months of imprisonment.  Cooper also has not carried his burden to show by clear and convincing evidence that he is not a flight risk or a danger to the community.  I twice denied Cooper's motion to reconsider the magistrate judge's detention order because I found that no combination of conditions could reasonably assure the safety of the community, and in particular, the safety of Cooper's ex girlfriend, M.B., whose trip to the hospital following a domestic dispute with Cooper led to his arrest.[7]  I still find this to be true, particularly in light of Cooper's conviction and the state of the evidence at trial, which included M.B.'s inculpatory testimony against Cooper.

The government represents (and Cooper does not seriously dispute) that Cooper has a lengthy criminal history and that, even if he does not qualify as an armed career criminal under the ACCA, his guideline range of imprisonment will still be at the statutory maximum of 120 months in prison.[8]  If he does qualify as an armed career criminal, his conviction calls for a mandatory minimum prison sentence of 15 years and a maximum term of life, and the government anticipates that his guideline

---

[6] *Id.* at 5–6.

[7] ECF Nos. 27, 141.

[8] ECF No. 187 at 3–4.

range will be 235–293 months.[9] Thus, regardless of whether Cooper qualifies for ACCA treatment, he is facing a lengthy prison sentence that, when combined with his lengthy criminal history including multiple failures to appear and parole violations, creates a substantial risk of non-appearance.[10] My conclusion that Cooper is a flight risk is bolstered by the jailhouse phone calls introduced at trial in which Cooper and others concocted a plan to have M.B. take the fall for the guns by telling the police the guns were hers (and M.B.'s testimony that, when she confronted Cooper about the handguns he had stashed between the mattresses, he was convinced he would be able to avoid accountability) all of which further demonstrates Cooper's history of disrespect for the law.

I also find that Cooper's criminal history—which includes a string of arrests for domestic violence[11]—prevents me from finding by clear and convincing evidence that he is not a danger to others in the community. As I explained in my first detention order in this case, Cooper was undisputedly violent towards M.B. on the night of his arrest, and her forgiveness (and later recantation) does not alter that fact.[12] I find that the risk to M.B.'s safety is even greater at this juncture because she provided key testimony against Cooper at trial.

**B.     Cooper is not eligible for release pending appeal.**

The government is correct that 18 U.S.C. § 3143(b) does not apply because Cooper has not filed an appeal of his conviction (which he cannot do until after he has been sentenced and the judgment of conviction has been filed).[13] Even if Cooper could currently seek release under this section, he has not made the required showing.

---

[9] *Id.*

[10] ECF Nos 11, 27 (detention orders detailing Cooper's criminal history).

[11] *Id.*

[12] ECF No. 27 at 7.

[13] ECF No. 187 at 6.

To show his entitlement to bail pending appeal, a defendant must show that his appeal "raises a substantial question of law or fact likely to result in . . . reversal."[14] "A 'substantial question' is one that is fairly debatable or fairly doubtful; it is one of more substance than would be necessary to a finding that it was not frivolous."[15] Cooper contends that he will likely be granted a new trial because his arrest and the resulting search of his home were unlawful,[16] the indictment did not specifically charge him with being a felon in *constructive* possession of a firearm, the government engaged in selective and vindictive prosecution, and there was insufficient evidence to support his conviction at trial.[17]

As I have repeatedly explained to Cooper, though I agree that his in-home arrest was unlawful, his post-arrest statements were not tainted by that illegality because the questioning happened outside the home as permitted by *New York v. Harris*, and the search warrant was valid because the search-warrant affidavit did not contain intentionally false or misleading statements.[18] The indictment in this case is facially valid because the government need not allege whether the possession was actual or constructive.[19] And Cooper has never shown that the government engaged in selective or vindictive prosecution.[20] Though he continues to complain that he was subjected to "a state trial in a federal courthouse,"[21] "there is nothing inappropriate or vindictive about a state law

---

[14] 18 U.S.C. § 3143(b).

[15] *United States v. Montoya*, 908 F.2d 450, 450 (citing *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985)).

[16] *Id.* at 9.

[17] ECF No. 186 at 18.

[18] ECF No. 189 (order denying motion for arrest of judgment and for judgment of acquittal) (citing *New York v. Harris*, 495 U.S. 14 (1990); ECF No. 45 (report and recommendation); ECF No. 58 (order adopting report and recommendation and denying motion to suppress).

[19] ECF No. 189 at 7.

[20] ECF No. 126 at 3(order denying motion to dismiss indictment for selective and vindictive prosecution).

[21] ECF No. 186 at 13.

enforcement agency referring potential violations of federal law to federal authorities."[22]  Finally, my previous order provides a detailed summary of the evidence at trial, and I still find that, when viewed in the light most favorable to the prosecution, a rational juror could have easily found Cooper guilty of each element of being a felon in possession beyond a reasonable doubt.[23]

## Conclusion

Accordingly, IT IS HEREBY ORDERED that **defendant Cooper's motion for release pending sentencing or appeal [ECF No. 186] is DENIED.**

Dated this 5th day of August, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[22] *United States v. Culliton*, 328 F.3d 1074, 1081 (9th Cir. 2003).

[23] *See* ECF No. 189 at 8–11.