UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　Plaintiff<br><br>v.<br><br>Charles Edward Cooper, Jr.,<br><br>　　Defendant | 2:14-cr-00228-JAD-CWH<br><br>**Order Denying Motion to Reconsider**<br><br>[ECF No. 195] |

On May 25, 2016, a jury found Charles Edward Cooper, Jr. guilty of one count of being a felon in possession of a firearm.[1] Cooper then moved for an arrest of judgment and a judgment of acquittal under Federal Rules of Criminal Procedure 34 and 29.[2] Cooper's requests for relief from judgment were untimely and failed on their merits, so I denied his motion. Cooper now moves me to reconsider. Because he has given me no valid reason to reconsider my previous order, I decline to do so, and I deny Cooper's motion.

**Discussion**

**A.    Motion to reconsider**

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" by presenting "facts or law of a strongly convincing nature."[3] Reconsideration is appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[4] "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments

---

[1] ECF No. 180.

[2] ECF No. 183.

[3] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

[4] *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

upon which the court already has ruled."[5]

## B. Cooper's motion for reconsideration is denied.

Cooper argues that his motion was timely under the prison-mailbox rule, his indictment is invalid because it does not allege constructive possession or specific intent, and that there was insufficient evidence to sustain his conviction because there is no evidence that he possessed a gun on the date alleged in the indictment.[6]

Cooper offers no newly discovered evidence or intervening change in controlling law to support his arguments. Cooper also has not shown that my previous order was in error or manifestly unjust. Instead, he impermissibly seeks to "re-litigate the same issues and arguments upon which"[7] I have already ruled.

First, I decline to revisit my previous order based on the prison-mailbox rule. I denied Cooper's requests for relief from judgment as both untimely *and* without merit. Additionally, I gave Cooper the benefit of the prison-mailbox rule by deeming his motion filed on the date that it was dated and purportedly dispatched to prison officials for mailing—July 10, 2016—rather than the date it was actually received by this court, and it was still untimely.[8]

I also decline to revisit my conclusion that Cooper's indictment is facially valid. As I explained in my previous order, the government need not allege the specific means of the possession element in the indictment.[9] Finally, I decline to reconsider my conclusion that, when viewing the evidence in the light most favorable to the prosecution, a rational juror could have found Cooper guilty of each element of being a felon in possession of a firearm beyond a reasonable doubt. The evidence presented at trial amounted to a pile of direct and circumstantial evidence that Cooper had

---

[5] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[6] *See* ECF No. 195. Cooper also regurgitates various challenges to evidentiary rulings that are not addressable under Rule 29 or Rule 34, as I have already explained to Cooper. ECF No. 189 at 8.

[7] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[8] ECF No. 189 at 6, n. 25.

[9] *See Id.* at 7, n. 30, 33.

at least constructive—if not actual—possession of the guns on or about the date alleged in the indictment, and a rational juror could have easily found him guilty beyond a reasonable doubt.[10]

### Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that **Cooper's motion for reconsideration [ECF No. 195] is DENIED.**

Dated this 25th day of August, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[10] *Id.* at 8–10 (describing evidence supporting possession element at trial).