1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

United States of America,

    Plaintiff

v.

Charles Edward Cooper, Jr.,

    Defendant

**2:14-cr-00228-JAD-CWH**

**Order Denying Motion For Release Pending Appeal**

[ECF No. 244]

On May 25, 2016, a jury found Charles Edward Cooper, Jr. guilty of one count of being a felon in possession of a firearm.[1]  I sentenced Cooper to ten years in prison after concluding that he was not an armed career criminal.  Cooper has appealed his conviction and sentence, and the government has filed a cross-appeal.  Cooper now moves for release pending appeal.  Cooper has not carried his burden to show that he is entitled to release, so I deny his request.[2]

**Discussion**

To show his entitlement to bail pending appeal, a defendant must show by clear and convincing evidence that he "is not likely to flee or pose a danger to the safety of any other person in the community" and he must show that his appeal "raises a substantial question of law or fact likely to result in . . . reversal."[3]  "A 'substantial question' is one that is fairly debatable or fairly doubtful; it is one of more substance than would be necessary to a finding that it was not frivolous."[4]

Cooper maintains that he is not a flight risk or a danger to anyone in the community and that any safety or non-appearance concerns could be eliminated with ankle monitoring and other

---

[1] ECF No. 180.

[2] My previous order provides a detiled procedural history of this case and summary of the evidence presented at trial.  ECF No. 189.

[3] 18 U.S.C. § 3143(b); FED. R. CRIM. P. 46(c).

[4] *United States v. Montoya*, 908 F.2d 450, 450 (citing *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985)).

conditions for release.  He does not explain what substantial issues are raised by his appeal or why these issues are likely to result in reversal.

I have repeatedly denied Cooper's requests for bail because of his violent criminal history, particularly his violence towards M.B., which led to his arrest and the offense of conviction in this case.[5]  I also cannot ignore the fact that a jury convicted Cooper of illegally possessing a firearm or that the evidence shows he had three guns and ammunition in the home he shared with M.B.  This history prevents me from finding by clear and convincing evidence that Cooper is not a danger to others in the community.  As I noted in my order denying Cooper's request for relief pending sentencing, I find that the risk to M.B.'s safety is even greater at this juncture because she and her daughter both reluctantly testified against Cooper at trial.[6]

Additionally, Cooper has not shown that his appeal raises a substantial question of law or fact likely to result in reversal.  Though Cooper does not identify which issues he raises on appeal in the instant motion, he has identified which issues he intends to raise on appeal in other filings.  Cooper contends that he will likely be granted a new trial because his arrest and the resulting search of his home were unlawful,[7] the indictment did not specifically charge him with being a felon in *constructive* possession of a firearm, the government engaged in selective and vindictive prosecution, and there was insufficient evidence to support his conviction at trial.[8]

As I have repeatedly explained to Cooper, though I agree that his in-home arrest was unlawful, his post-arrest statements were not tainted by that illegality because the questioning happened outside the home as permitted by *New York v. Harris*, and the search warrant was valid because the search-warrant affidavit did not contain intentionally false or misleading statements.[9]

[5] ECF Nos. 27, 193, 155 (minutes).

[6] ECF No. 193.

[7] *Id.* at 9.

[8] ECF No. 186 at 18.

[9] ECF No. 189 (order denying motion for arrest of judgment and for judgment of acquittal) (citing *New York v. Harris*, 495 U.S. 14 (1990); ECF No. 45 (report and recommendation); ECF No. 58

The indictment in this case is facially valid because the government need not allege whether the possession was actual or constructive.[10]  And Cooper has never shown that the government engaged in selective or vindictive prosecution.[11]  Though Cooper has repeatedly complained that he was subjected to "a state trial in a federal courthouse,"[12] "there is nothing inappropriate or vindictive about a state law enforcement agency referring potential violations of federal law to federal authorities."[13]  Finally, my order denying Cooper's motion for arrest of judgment and judgment of acquittal provides a detailed summary of the evidence at trial, and I still find that, when viewed in the light most favorable to the prosecution, a rational juror could have easily found Cooper guilty of each element of being a felon in possession of a firearm beyond a reasonable doubt.[14]  Because Cooper fails to make either of the required showings for release pending appeal, I deny his motion.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **defendant Cooper's motion for release pending appeal [ECF No. 244] is DENIED.**

Dated this 12th day of December, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

(order adopting report and recommendation and denying motion to suppress).

[10] ECF No. 189 at 7.

[11] ECF No. 126 at 3(order denying motion to dismiss indictment for selective and vindictive prosecution).

[12] ECF No. 186 at 13.

[13] *United States v. Culliton*, 328 F.3d 1074, 1081 (9th Cir. 2003).

[14] ECF No. 189 at 8–11.