**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 06 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. CHARLES EDWARD COOPER, Jr., Defendant-Appellant. | No. 16-10413 D.C. No. 2:14-cr-00228-JAD-CWH-1 MEMORANDUM* |
| UNITED STATES OF AMERICA, Plaintiff-Appellant, v. CHARLES EDWARD COOPER, Jr., Defendant-Appellee. | No. 16-10449 D.C. No. 2:14-cr-00228-JAD-CWH-1 |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted June 15, 2018
San Francisco, California

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SCHROEDER, EBEL,[**] and GOULD, Circuit Judges.

Charles Edward Cooper appeals, *pro se*, his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We appointed counsel to appear on his behalf for oral argument. The government appeals the denial of a sentence enhancement pursuant to the Armed Career Criminals Act ("ACCA"), 18 U.S.C. § 924(e), after the District Court ruled Cooper's prior convictions did not qualify as violent felonies. We affirm in all respects.

Officers arrested Cooper in his home, without a warrant, upon probable cause to believe he had beaten his girlfriend. While the arrest was in violation of *Payton v. New York*, 445 U.S. 573, 576 (1980), the statements Cooper made were after officers removed him to a patrol car and read him his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). His motion to suppress his statements was correctly denied. Under *New York v. Harris*, 495 U.S. 14, 20–21 (1990), the statements in the car were not the fruit of the warrantless arrest in his home. The *Miranda* warning was sufficient, *see United States v. Loucious*, 847 F.3d 1146, 1149–51 (9th Cir. 2017), as was the information in the affidavit for the search warrant that

---

[**] The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

led to the recovery of the weapons, *see United States v. Davis*, 714 F.2d 896, 899 (9th Cir. 1983).

The District Court did not abuse its discretion in refusing to allow Cooper to call Agent Garcia as a witness, because the agent's testimony would have been cumulative. *See United States v. Weischedel*, 201 F.3d 1250, 1255 (9th Cir. 2000) ("A district court can properly deny a Rule 17(b) subpoena request when the testimony sought would be cumulative."). The government called a different agent as a witness to establish the element of the interstate nexus of the guns found in Cooper's home.

During sentencing, the District Court addressed Cooper personally and permitted him to speak or present information to mitigate his sentence. *See* Fed. R. Crim. P. 32(i)(4)(A)(ii). Moreover, the court permitted Cooper to submit at least two briefs to set forth his objections to the sentencing recommendations. *See United States v. Gunning*, 401 F.3d 1145, 1147 (9th Cir. 2005). The District Court, during the sentencing hearing, asked Cooper not to repeat the objections in his brief, but this did not deny his allocution right to address the court.

In the government's sentencing cross-appeal, the government contends that Cooper's prior felony convictions for robbery with the use of a deadly weapon and battery with substantial bodily harm qualify as violent felonies under the ACCA.

3

The robbery statute does not qualify as a violent felony under the "enumerated-offenses" clause of the ACCA because the Nevada statute punishes the nonconsensual taking of property. *See* N.R.S. §§ 200.380, 193.165 (1983); *United States v. Dixon*, 805 F.3d 1193, 1196–97 (9th Cir. 2015); *Flynn v. State*, 562 P.2d 1135, 1136 & n.1 (Nev. 1977) (per curiam). Nor does it qualify under the "force" clause of the ACCA, because it punishes threats directed at property in addition to threats directed at another person. *See Dixon*, 805 F.3d at 1197–98; *United States v. Sherbondy*, 865 F.2d 996, 1010 (9th Cir. 1988).

The robbery statute is indivisible, containing alternative means, not elements. *See Dixon*, 805 F.3d at 1198. Because the robbery statute does not constitute a categorical match to the ACCA definition of a violent felony, we need not decide whether the battery conviction qualifies as a violent felony. Standing alone, the battery conviction would not make Cooper eligible for sentencing as an Armed Career Criminal in any event.

The conviction and sentence are **AFFIRMED.**

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

(1) A. **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
    - ▶ A material point of fact or law was overlooked in the decision;
    - ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
    - ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

B. **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

Case 2:14-cv-00228-JAD-CWH, Document 255, Filed 07/06/18, Page 5 of 9

- ▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
- ▶ The proceeding involves a question of exceptional importance; or
- ▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms.*
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms.*

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ► Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);
  - ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

**Form 10. Bill of Costs** ................................................................................................................*(Rev. 12-1-09)*

# United States Court of Appeals for the Ninth Circuit

## BILL OF COSTS

This form is available as a fillable version at:
*http://cdn.ca9.uscourts.gov/datastore/uploads/forms/Form%2010%20-%20Bill%20of%20Costs.pdf*.

*Note:* If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with 9th Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and 9th Circuit Rule 39-1 when preparing your bill of costs.

[    ]  v.  [    ]   9th Cir. No. [    ]

The Clerk is requested to tax the following costs against: [    ]

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, 9th Cir. R. 39-1 | REQUESTED *(Each Column Must Be Completed)* | | | | ALLOWED *(To Be Completed by the Clerk)* | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST |
| **Excerpt of Record** | | | $ | $ | | | $ | $ |
| **Opening Brief** | | | $ | $ | | | $ | $ |
| **Answering Brief** | | | $ | $ | | | $ | $ |
| **Reply Brief** | | | $ | $ | | | $ | $ |
| **Other**** | | | $ | $ | | | $ | $ |
| | | | **TOTAL:** | $ | | | **TOTAL:** | $ |

\* *Costs per page*: May not exceed .10 or actual cost, whichever is less. 9th Circuit Rule 39-1.

\*\* *Other*: Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to 9th Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys' fees **cannot** be requested on this form.

*Continue to next page*

(9 of 9)

Case: 14-1228 Document: 003112991255 Filed: 07/06/18 Page: 9 of 9
Case 2:14-cr-00228-AD-CW-B Document 255 Filed 07/06/18 Page 9 of 9

**Form 10. Bill of Costs -** *Continued*

I, _____ , swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature _____

("s/" plus attorney's name if submitted electronically)

Date _____

Name of Counsel: _____

Attorney for: _____

_____

*(To Be Completed by the Clerk)*

Date _____       Costs are taxed in the amount of $ _____

                                  Clerk of Court

                                  By: _____ , Deputy Clerk