# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff<br><br>v.<br><br>Charles Edward Cooper, Jr.,<br><br>   Defendant | Case No.: 2:14-cr-00228-JAD-CWH<br><br>**Order Denying Emergency Renewed Motion for Sentence Reduction under 18 U.S.C. 3582(c)(1)(A)(i)**<br><br>[ECF No. 271] |

On April 29, 2020, this court denied Charles Edward Cooper, Jr.'s motion for a compassionate release under 18 U.S.C. 3582(c)(1)(A)(i), finding that his failure to exhaust the administrative process precluded relief and his request failed on its merits.[1] Cooper now moves for reconsideration of that order, advising that his administrative process is now exhausted and adding mitigating arguments to support his request.[2] Though I remain sympathetic to Cooper's situation and I acknowledge that the administrative process is no longer a barrier to relief, I deny his motion on its merits.

## Discussion

I will not repeat the history of this case except to reiterate that Cooper has served approximately six years of a ten-year sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2),[3] which the Ninth Circuit affirmed on appeal.[4]

---

[1] ECF No. 268. Though Cooper filed the motion on a pro se basis, *see* ECF No. 264, his reply was a counseled one. *See* ECF No. 267.

[2] ECF No. 271. Although Cooper captions the motion as a "renewed" one, because it challenges this court's various bases for denial of his motion, it essentially seeks reconsideration. Regardless of how this new filing is characterized, however, it fails on its merits.

[3] ECF No. 225.

[4] ECF No. 255.

When evaluating Cooper's original motion for compassionate release, I found that his failure to exhaust the administrative process for such relief with the Bureau of Prisons (BOP) required me to deny his motion. But I also found that "[e]ven if Cooper had properly exhausted the administrative process before filing []his motion, I would deny it for the separate and independent reason that the record does not demonstrate that his compassionate release is warranted."[5] I based this conclusion on several factors.

First, Cooper had not demonstrated that his medical situation presents extraordinary and compelling circumstances for compassionate release because he offered no records to support these diagnoses, which—I noted—must have been made after his 2016 sentencing because his presentence investigation report reflects that he was in good health with no known medical conditions.[6] In his renewed motion, Cooper provides some medical records that reflect that his blood pressure was "scantly elevated" in June 2019 and that a CPAP machine was ordered for him in September due to his "complaints of excessive sleepiness, fatigue and complaints of snoring by cellies" that left him "worried for sleep apnea." He also offers a "Heart Monitor Chart" printout that this court is not qualified to interpret.[7] But even with this supplemental information, I cannot find that Cooper's medical conditions, coupled with his incarceration during the COVID-19 pandemic, present extraordinary and compelling reasons for his release. The record continues to be devoid of evidence that the virus has infiltrated FCI Safford where Cooper is housed, and the BOP's website continues to reflect no cases of COVID-19 there.[8] So,

---

[5] ECF No. 268 at 6.
[6] *Id*. at 7.
[7] ECF No. 271 at 14–22.
[8] https://www.bop.gov/coronavirus/ (last visited 5/28/2020).

contrary to Cooper's suggestion,[9] the notion that he would be better protected from the virus at his elderly mother's home in Nevada, where there have now been more than 8,000 positive-test cases,[10] than at FCI Stafford remains pure speculation.[11]

A second, independent reason that I denied Cooper's motion was that I found a sentence reduction unwarranted under the § 3553(a) factors. I explained that his 10-year sentence was well justified by his extensive and violent criminal history that includes nine felony and seventeen misdemeanor convictions, violence against women and children, drug trafficking, various parole violations, probation revocations, bench warrants, and contempt findings.[12] I found—and maintain—that he was and remains a danger to the community based on his empirically established likelihood of recidivism, his disregard for the law and the criminal-justice system, and his lack of remorse. I concluded that Cooper's history and characteristics, and the need to promote respect for the law and protect the public from Cooper's crimes, all weigh heavily against shaving nearly three years off his custodial sentence.

In his reconsideration request, Cooper argues that the reduction would really be just six or seven months when his good-time credits and eligibility for transfer to a halfway house and home confinement are factored in.[13] But the length of the reduction doesn't change my analysis. I maintain that the danger Cooper presents to the community and all the § 3553(a) factors weigh

---

[9] ECF No. 271 at 4.

[10] https://covidtracking.com/data#state-nv (last visited 5/28/2020).

[11] And even if COVID-19 ultimately reaches Cooper's facility, the government has established that the BOP has implemented a detailed COVID-19 response plan for federal inmates.

[12] ECF No. 229 at 69 (transcript of sentencing hearing).

[13] ECF No. 271 at 3.

against a sentence reduction of any length.[14]  Cooper adds that he has been a model inmate during his incarceration and availed himself of numerous programs, and he attaches his certificates of completion for those courses.[15]  This court recognizes that these developments are praiseworthy and certainly provide some mitigation against his strong likelihood of recidivism. Unfortunately, however, they do not tip the § 3553(a) factor scale in a way that justifies any sentence reduction.[16]

**Conclusion**

IT IS THEREFORE ORDERED that Defendant Charles E. Cooper's Renewed Emergency Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) **[ECF No. 271] is DENIED.**

Dated: May 28, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[14] This conclusion has no impact on my ultimate ruling on Cooper's pending motion under 28 U.S.C. § 2255, ECF No. 259, which is not yet fully briefed and the merits of which I have not evaluated.

[15] ECF No. 271 at 23–37.

[16] To the extent that I have not specifically addressed an issue raised in Cooper's reconsideration request, I find it without merit and unworthy of further discussion.